**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **CLARA R. FULLER,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**STATE OF KANSAS, DEPARTMENT OF CHILDREN AND FAMILIES,**<br><br>**Defendant.** | **Case No. 16-cv-02415-DDC-JPO** |

## MEMORANDUM AND ORDER

This matter comes before the court on four motions: defendant's Motion to Dismiss or in the Alternative for Summary Judgment (Doc. 10); defendant's Motion to Strike (Doc. 22); plaintiff's Motion for Review (Doc. 17); and plaintiff's Motion to Amend Complaint (Doc. 18).[1] For reasons explained below, the court denies defendant's Motion to Dismiss or in the Alternative for Summary Judgment ("Motion to Dismiss"), without prejudice to refiling; denies plaintiff's Motion for Review; denies plaintiff's Motion to Amend Complaint, without prejudice to refiling; and denies defendant's Motion to Strike as moot.

## Background[2]

Plaintiff, an African American woman over the age of 55, worked for the Kansas Department of Children and Families ("DCF") in its Low Income Energy Assistance Program ("LIEAP") twice: from January 2014 to May 2014 and again from January 2016 to February

[1] Because plaintiff proceeds pro se, the court construes her pleadings liberally and holds them to a less stringent standard than those drafted by lawyers. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the court does not assume the role of advocate for plaintiff. *Id.* Nor does plaintiff's pro se status excuse her from complying with the court's rules or facing the consequences of noncompliance. *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

[2] These facts come from plaintiff's Complaint.

2016. On February 12, 2016, Stephanie Henderson—plaintiff's manager—and an unnamed Director of Personnel fired plaintiff, saying that her services were no longer needed. The Director of Personnel cited a "business need" as the reason for firing plaintiff even though the program was not meeting its daily processing quota. That same day, the only other black woman over the age of 55 working for LIEAP was fired too.

Plaintiff filed a charge with the United States Equal Employment Opportunity Commission, and received a Right to Sue letter on March 17, 2016. Plaintiff filed her Complaint with our court on June 14, 2016. In it, plaintiff alleges two causes of action based on her termination: racial discrimination under 42 U.S.C. § 1983 and age discrimination under the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621–34.[3]

## Analysis

### I. Motion to Dismiss

Defendant asks the court to dismiss plaintiff's Complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(5). The court considers only defendant's arguments under Rule 12(b)(5), however, because it concludes that defendant was not served properly in this case. *See Omni Capital Int'l v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied.").

Rule 4 controls the sufficiency of process issue. Specifically, Rule 4(j)(2) controls how plaintiffs must serve states and state agencies. It provides:

> A state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by:
> (A) delivering a copy of the summons and of the complaint to its chief executive officer; or

[3] Although the Complaint does not cite the statutes that plaintiff invokes, the court, when it reads the Complaint in its entirety, has no difficulty understanding plaintiff's claims as ones arising under the ADEA and § 1983.

(B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant.

Fed. R. Civ. P. 4(j)(2). "'Delivering' means [making] personal service on the chief executive officer and does not allow for service by mail." *Garland v. Kan. Dept. of Revenue*, No. 93-4241-SAC, 1994 WL 66614, at *1 (D. Kan. Jan. 31, 1994) (citations omitted). In Kansas, a plaintiff serves a state agency by serving the attorney general or an assistant attorney general. *Id.*; Kan. Stat. Ann. § 60-304(d)(5). Service may be accomplished by certified mail so long as the complaint is "addressed to the appropriate official at the official's governmental office." *Garland*, 1994 WL 66614, at *1 (quoting Kan. Stat. Ann. § 60-304(d)).

Here, Judge O'Hara granted plaintiff *in forma pauperis* status, and so the United States Marshal's Service served plaintiff's Complaint for her. The Marshal did this by mailing a copy of the Complaint to DCF's Kansas City office via certified mail. The Marshal thus did not comply with Kansas law when it addressed and sent the summons and Complaint by certified mail to DCF instead of sending it to the Attorney General of Kansas.

This shortcoming provides no reason to dismiss plaintiff's Complaint, however. As the case defendant cites and relies on holds: when a plaintiff proceeding *in forma pauperis* provides the Clerk's Office with all the necessary information, "the court simply will instruct the clerk's office and U.S. Marshal to correct the defects in service without dismissing the action." *Id.* at *1 n.2. Here, plaintiff provided no inadequate or inaccurate information. Nor did she fail to assist the Marshal diligently. So, even though defendant is correct that service was made defectively, it is not entitled to the requested dismissal. *See, e.g.*, *id.* (denying motion to dismiss complaint for insufficient service because plaintiff had been granted *in forma pauperis* status); *Davenport v. Wal-Mart Stores, Inc.*, No. 14-cv-2124-JAR-JPO, 2014 WL 3361729, at *3 (D. Kan. July 9, 2014) (same). Defendant's motion presents, at most, an opportunity to correct a mistake for

which plaintiff is not accountable. The court, therefore, directs the Clerk of the Court to prepare and issue another summons, and the Marshal to serve this new summons along with a copy of the Complaint (Doc. 1) using either of the two methods discussed above.

Because the court concludes that service of process is insufficient in this case, it does not address defendant's remaining arguments in its Motion to Dismiss. Likewise, because the court cannot reach defendant's arguments for summary judgment, defendant's Motion to Strike plaintiff's exhibits submitted to support her response to those arguments is denied as moot.

## II. Motion to Amend Complaint

Plaintiff asks the court for leave to file an amended complaint. Doc. 18. Because plaintiff filed her Motion to Amend more than 21 days after defendant filed its Motion to Dismiss, the court must consider plaintiff's Motion to Amend under Rule 15(a)(2). *See* Fed. R. Civ. P. 15(a)(1).

Rule 15(a)(2) provides that courts should "freely give leave [to amend] when justice so requires." The decision whether to grant leave to amend is within a district court's sound discretion. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971); *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006).

"Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. W., Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993) (citations omitted). "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal for any reason . . . ." *Watson ex rel. Watson v. Beckel*, 242 F.3d 1237, 1239–40 (10th Cir. 2001) (citations omitted).

In her Motion to Amend, plaintiff recites why she wants to file an amended complaint, notes some of the facts she intends to allege in an amended complaint, and argues that the court should grant her leave to amend. She does not include, however, a copy of the amended complaint she wishes to file. Under D. Kan. Rule 15.1(a)(2), plaintiff must "attach the proposed pleading or other document" to her Motion to Amend. The court recognizes that plaintiff is proceeding pro se; however, her pro se status does not excuse her from complying with the court's rules. *Nielsen*, 17 F.3d at 1277. Because plaintiff has not attached her proposed amended complaint to the Motion, the court cannot determine whether it should grant plaintiff leave to amend. *See Hosler v. Nationstar Mortg., LLC*, No. 14-1347-SAC, 2015 WL 134309, at *3 (D. Kan. Jan. 9, 2015) (denying motion to amend in part because the plaintiff did not submit a proposed amended complaint). The court thus denies plaintiff's Motion to Amend, but does so without prejudice to refiling. *E.g.*, Order, *Rochelle v. CVS Caremark*, 2015 WL 3617236 (D. Kan. June 8, 2015) (No. 14-02473), ECF No. 24 (denying the plaintiff's motion to amend his complaint because he failed to comply with D. Kan. Rule 15.1(a)(2), but granting him leave to refile the motion).

In so ruling, however, the court notes that one of defendant's arguments against granting plaintiff leave to amend her Complaint is well taken. Defendant contends that plaintiff's proposed amended complaint—though not attached to her Motion—is futile because it alleges claims against DCF, a state agency that is immune from suit in federal court. Defendant is correct about this proposition. Because DCF is an arm of the State of Kansas, *McCollum v. Kansas*, No. 14-cv-1049-EFM-KMH, 2014 WL 3341139, at *6 (D. Kan. July 8, 2014), *aff'd*, 599 F. App'x 841 (10th Cir. 2015), it is immune from suit in federal court, *Smith v. Kansas*, 574 F. Supp. 2d 1217, 1220 (D. Kan. 2008). So, plaintiff cannot state ADEA and § 1983 claims against

DCF. *See id.* ("[T]he Supreme Court has held that the ADEA did not validly abrogate States' Eleventh Amendment immunity." (citing *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 91 (2000))); *see also id.* at 1219 (holding that § 1983 does not authorize suits against a state).

But, plaintiff's Motion to Amend and other filings suggest that she intends to file a proposed amended complaint that names four individuals employed by DCF as defendants. *See* Doc. 18 at 2 ("The defendants offering inconsistent reasons for the terminations are Stephanie Henderson, Lewis Kimsey, Lisa Locke and Sandra Kimmons."); *see also* Doc. 7 (notice listing Lisa Locke as a defendant in the case and providing her address for service). Unlike suing DCF itself, the Eleventh Amendment does not prohibit suits in federal court against state officials in their individual capacities. *See Hafer v. Melo*, 502 U.S. 21, 30 (1991) ("Insofar as respondents seek damages against Hafer [the defendant] personally, the Eleventh Amendment does not restrict their ability to sue in federal court."). The court thus concludes that allowing plaintiff another opportunity to file a motion for leave to amend her Complaint is the better course of action at this time.

If plaintiff wishes to amend her Complaint, she must file a motion for leave to amend that complies with D. Kan. Rule 15.1 and Federal Rule of Civil Procedure 15.[4]

## III. Motion for Review

On August 22, 2016, Judge O'Hara denied plaintiff's Motion to Appoint Counsel. Doc. 16. Plaintiff timely filed her Motion for Review, stating her objections to Judge O'Hara's Order. Doc. 17.

Under Rule 72(a), the court may review a magistrate judge's order denying a motion to appoint counsel. But the court may set aside or modify such an order only if it is "clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). Under the clearly erroneous standard, the

[4] A copy of the court's local rules is available online at http://www.ksd.uscourts.gov/local-rules/.

district court does not conduct a de novo review of the factual findings; instead, it must affirm a magistrate judge's order unless a review of the entire evidence leaves it "with the definite and firm conviction that a mistake has been committed." *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). In contrast, the contrary-to-law standard permits the district court to conduct an independent review of the magistrate judge's purely legal determinations. *Sprint Commc'ns Co. L.P. v. Vonage Holdings Corp.*, 500 F. Supp. 2d 1290, 1346 (D. Kan. 2007). A magistrate judge's order is contrary to law if it "fails to apply or misapplies relevant statutes, case law or rules of procedure." *Walker v. Bd. of Cty. Comm'rs of Sedgwick Cty.*, No. 09-1316-MLB, 2011 WL 2790203, at *2 (D. Kan. July 14, 2011) (citing *Botta v. Barnhart*, 475 F. Supp. 2d 174, 185 (E.D.N.Y. 2007)).

Here, plaintiff does not so much assert that Judge O'Hara erred by denying her Motion to Appoint Counsel as she asserts, instead, new facts that were not before Judge O'Hara. For instance, Judge O'Hara's Order noted that plaintiff had not attempted to retain her own counsel. Doc. 16 at 2. In her Motion for Review, plaintiff submits a list of attorneys she has since contacted about taking her case. Whether the reviewing district court may consider evidence that was not before the magistrate judge is hotly debated by some, but our court falls on the side of those saying that it may not: "In reviewing a magistrate judge's nondispositive ruling, this [c]ourt does not consider matters not placed before that judge." *U.S. Fire Ins. Co. v. Bunge N. Am., Inc.*, 244 F.R.D. 638, 641 (D. Kan. 2007) (first citing *First Sav. Bank, F.S.B. v. U.S. Bancorp*, 184 F.R.D. 363, 366–67 (D. Kan. 1998); then citing *City of Wichita v. Aero Holdings, Inc.*, 192 F.R.D. 300, 302 (D. Kan. 2000)); *see also Maldonado v. Union Pac. R.R. Co.*, No. 09-1187-EFM, 2011 WL 841432, at *1 n.1 (D. Kan. Mar. 8, 2011) (refusing to consider evidence

not presented to the magistrate judge and citing *Haines v. Liggett Group, Inc.*, 975 F.2d 81, 91 (3d Cir. 1992), for support). The court thus will not consider the new evidence plaintiff seeks to submit.

After reviewing Judge O'Hara's Order and the evidence plaintiff submitted to him, the court concludes that his decision was not clearly erroneous. Nor was Judge O'Hara's decision contrary to law. The court thus affirms Judge O'Hara's August 22, 2016 Order, and denies plaintiff's Motion for Review. Plaintiff may file a renewed motion to appoint counsel if—as Judge O'Hara's Order also noted—her Complaint (or, any amended complaint that she may file after securing leave to do so) survives any dispositive motion—such as a motion to dismiss or motion for summary judgment—that defendant may submit in the future.

**IT IS THEREFORE ORDERED THAT** defendant's Motion to Dismiss or in the Alternative for Summary Judgment (Doc. 10) is denied without prejudice to refiling.

**IT IS FURTHER ORDERED THAT** the Clerk of the Court shall prepare and issue another summons to the United States Marshal, who shall serve this new summons along with a copy of the Complaint (Doc. 1) by either one of the following two methods: (1) delivering a copy of the summons and complaint to DCF's chief executive officer in person; or (2) serving a copy of the summons and complaint by certified mail addressed to either the Kansas Attorney General or an assistant attorney general at their government office. *See supra* Part I.

**IT IS FURTHER ORDERED THAT** defendant's Motion to Strike (Doc. 22) is denied.

**IT IS FURTHER ORDERED THAT** plaintiff's Motion for Review (Doc. 17) is denied.

**IT IS FURTHER ORDERED THAT** plaintiff's Motion to Amend Complaint (Doc. 18) is denied without prejudice to refiling. If plaintiff wishes to amend her Complaint, she must file

a motion for leave to amend that complies with D. Kan. Rule 15.1 and Federal Rule of Civil Procedure 15.

**IT IS SO ORDERED.**

**Dated this 17th day of January, 2017, at Topeka, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**