IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CLARA R. FULLER,<br><br>       **Plaintiff,**<br><br>v.<br><br>STATE OF KANSAS, DEPARTMENT<br>OF CHILDREN & FAMILIES,<br>STEPHANIE HENDERSON,<br>LEWIS KIMSEY, LISA LOCKE,<br>and SANDRA KIMMONS in their<br>individual and official capacities,<br><br>       **Defendants.** | Case No. 16-cv-2415-DDC-JPO |

## MEMORANDUM AND ORDER

This matter comes before the court on the Kansas Department of Children and Families' ("DCF") Motion to Review Magistrate Order of March 3, 2017. Doc. 34. DCF asks the court to review United States Magistrate Judge James P. O'Hara's Order granting, in part, plaintiff's Motion to Amend Complaint (Doc. 31). For reasons explained below, the court denies DCF's Motion.

I.      **Background**

Plaintiff filed her original Complaint on June 14, 2016. Doc. 1. Plaintiff first moved to amend the Complaint on September 12, 2016. Doc. 18. The court denied the motion without prejudice. Doc. 23. When it denied plaintiff's first motion to amend, the court discussed the reason that DCF had opposed plaintiff's motion. DCF asserted that plaintiff's claims against it are barred by the Eleventh Amendment because DCF is an arm of the state and thus immune from suit in federal court. Doc. 23 at 5. The court agreed. *Id.* But, the court also explained that

the Eleventh Amendment does not prohibit suits against state officials in their official capacities. *Id.* And, because it appeared from plaintiff's first motion to amend that she planned to add state officials to her Complaint, the court denied her motion without prejudice to refiling.

Plaintiff refiled her Motion to Amend the Complaint in February. Doc. 29. In her motion, plaintiff asked to add: (1) four defendants in their individual and official capacities; (2) "Carol Y" as a second plaintiff; and, (3) a claim under "Title VII of the Civil Rights Act of 1964." Doc. 29 at 1. Judge O'Hara granted plaintiff's Motion in part. Doc. 31. The court granted plaintiff leave to amend her Complaint except to the extent she sought to add another plaintiff. Doc. 31 at 1. The court explained: "plaintiff, as a pro se litigant, cannot represent [Carol Y] in this matter." Doc. 31 at 1–2. The court instructed plaintiff to file her amended complaint no later than March 10, 2017, and to title the pleading "Amended Complaint." *Id.* at 2. It also instructed DCF to file any motion to dismiss within five days of the filing of the amended complaint. *Id.*

Plaintiff filed her Amended Complaint on March 10, 2017. Doc. 33. The Amended Complaint does not identify DCF as a defendant. Instead, it identifies DCF employees Stephanie Henderson, Lewis Kimsey, Lisa Locke, and Sandra Kimmons as defendants in their individual and official capacities. *Id.* at 1. Plaintiff also added a Title VII claim. *Id.* at 2. DCF then filed this Motion to Review Judge O'Hara's March 3, 2017 Order granting, in part, plaintiff's Motion to Amend Complaint. Doc. 34.

**II.     Analysis**

DCF makes two objections to Judge O'Hara's Order and plaintiff's Amended Complaint. First, DCF contends that no current defendant in the case can file a motion to dismiss despite the court's instruction to file within five days of the Order. *Id.* at 4. Second, DCF objects "to the

Magistrate [Judge] allowing Plaintiff to assert an untimely Title VII claim." *Id.* In its motion to review, DCF asks the court to clarify that DCF is no longer a party, and that plaintiff's Title VII claim is barred as untimely.

Rule 72(a) provides that when a magistrate judge issues a written order deciding a nondispositive motion, a party may assert objections to the order within 14 days after service of a copy of the challenged order. The district judge in the case must consider timely objections, and "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a).

### A. DCF and Additional Defendants

DCF's first objection is better characterized as a request for clarification. DCF contends it is no longer a defendant in the case because plaintiff has not listed DCF in the Amended Complaint. And, because plaintiff has not served any of the additional defendants with the Amended Complaint, DCF claims that it filed this Motion to Review out of caution. Doc. 34 at 4, 7. But plaintiff's Amended Complaint asserts claims against DCF employees in their official capacities. These claims are, in effect, a suit against DCF because "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). So plaintiff's decision to add four of DCF's employees in their official and individual capacities did not eliminate DCF as a party to this case. To the extent Eleventh Amendment immunity bars claims against DCF or its officials in their official capacities, defendants can raise the issue in a motion to dismiss. DCF, Stephanie Henderson, Lewis Kimsey, Lisa Locke, and Sandra Kimmons in their individual and official capacities are codefendants in this case. DCF's objection on this point does not require the court to modify or set aside the March 3, 2017 Order.

### B. Title VII Claim

DCF also objects to the court's Order granting plaintiff leave to amend her Complaint to include Title VII claims. DCF asserts that when it reviewed plaintiff's renewed Motion to Amend adding the Title VII claims, it assumed the court "would deny the motion [because] it [could not] survive a motion to dismiss." Doc. 34 at 4. But Rule 15(a) of the Federal Rules of Civil Procedure provides: "The court should freely give leave [to amend the complaint] when justice so requires." This rule helps "safeguard a plaintiff's opportunity to test her claims on the merits." *Bauchman for Bauchman v. W. High Sch.*, 132 F.3d 542, 559 (10th Cir. 1997). Indeed, the court "may deny a motion for leave to amend as futile when the proposed amended complaint would be subject to dismissal." *Id.* at 562. But DCF does not cite, and the court does not find, any authority holding that the court *must* deny a motion for leave to amend if the proposed amended complaint would be subject to dismissal. DCF contends plaintiff's Title VII claim is untimely, and she cannot pursue it against individual employees. If true, DCF can raise that issue simply in a motion to dismiss. The Federal Rules instruct the court to "freely give leave" to amend the complaint when justice so requires. Fed. R. Civ. P. 15(a). The Order granting plaintiff's Motion to Amend thus was not clearly erroneous or contrary to law.

### C. Deadlines

DCF, in its Motion to Review, asserts that plaintiff has not served the four new defendants with the Amended Complaint and, even if they had, would not have had time to respond within the time allotted in the court's March 3, 2017 Order. But plaintiff proceeds in forma pauperis. Doc. 4. Federal Rule of Civil Procedure 4 provides that the court must order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court "if the plaintiff is authorized to proceed in forma pauperis." So, the court

directs the Clerk of the Court to prepare and issue a summons, and the Marshals to serve this new summons along with a copy of the Amended Complaint (Doc. 33) to the additional defendants—Stephanie Henderson, Lewis Kimsey, Lisa Locke, and Sandra Kimmons—if they have not done so yet.  Once served, the defendants should file any responsive pleadings according to the rules outlined in Federal Rule of Civil procedure 12(a).

**IT IS THEREFORE ORDERED BY THE COURT THAT** DCF's Motion to Review Magistrate Order of March 3, 2017 (Doc. 31), is denied.

**IT IS FURTHER ORDERED THAT** the court directs the Clerk of the Court to prepare and issue a summons, and the Marshals to serve this new summons along with a copy of the Amended Complaint (Doc. 33) to the additional defendants—Stephanie Henderson, Lewis Kimsey, Lisa Locke, and Sandra Kimmons—if they have not done so.  The Federal Rules will govern the deadlines for responsive pleadings.

**IT IS SO ORDERED.**

**Dated this 11th day of July, 2017, at Topeka, Kansas.**

> **s/ Daniel D. Crabtree**
> **Daniel D. Crabtree**
> **United States District Judge**