IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**CLARA R. FULLER,**

    **Plaintiff,**

v.

**STATE OF KANSAS, DEPARTMENT OF CHILDREN & FAMILIES, et al.,**

    **Defendants.**

Case No.  16-2415-DDC-JPO

## MEMORANDUM AND ORDER

This case arises out of an employment dispute.  Plaintiff Clara R. Fuller alleges that defendant the Kansas Department of Children and Families ("DCF") discriminated against her because of her race, gender, and age through defendants Stephanie Henderson, Lewis Kimsey, Lisa Locke, and Sandra Kimmons (collectively, the "DCF employees").  The defendants did so, she asserts, when DCF both hired and fired her.  Plaintiff, proceeding pro se, has filed an Amended Complaint (Doc. 33) asserting claims under Title VII, the Age Discrimination in Employment Act ("ADEA"), and 42 U.S.C. § 1983 against the DCF employees in their official and individual capacities.  The Amended Complaint does not name DCF as a defendant.  But the court already has ruled that any suit brought here against the DCF employees in their official capacity is, in effect, a suit against DCF.  Doc. 36 at 3.  *See also Bell v. City of Topeka, Kan.*, No. 06-4026-JAR, 2007 WL 628188, at *3 (D. Kan. Feb. 26, 2007) ("Official capacity suits are treated in all respects as suits against the underlying entity.").

This matter comes before the court on defendants' Motion to Dismiss (Doc. 41). Defendants move to dismiss all claims for two reasons.  First, defendants argue that plaintiff

never served the DCF employees properly and thus Federal Rule of Civil Procedure 12(b)(5) requires the court to dismiss this action against them.  Second, defendants argue that, under Rule 12(b)(6), the court must dismiss the Amended Complaint because it fails to state a claim for relief.  While the theory of defendants' motion is intricate and the analysis is a nuanced one, the court ultimately concludes that plaintiff served the DCF employees improperly both in their official and individual capacities.  So, the court does not have jurisdiction yet over defendants and cannot decide whether the Amended Complaint states a claim for relief.  *See* Fed. R. Civ. P. 4(k) (providing that the court only has personal jurisdiction over defendants when plaintiff properly serves them); *see also Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) ("'Without jurisdiction the court cannot proceed at all in any cause.  Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.'" (quoting *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1868))).  The court thus denies that aspect of defendants' motion with leave to refile after plaintiff serves all defendants properly.  The court directs the Clerk's office to prepare summonses for the DCF employees both in their official and individual capacities, as described later in this Order.  The court explains its reasoning, below.

**I.     Service of Process**

The DCF employees argue that plaintiff never served them properly.  The United States Marshals Service mailed the summonses for the four DCF employees sued in both their individual and official capacities to DCF's local office in Topeka, Kansas.  The DCF employees argue that this method of service can't effect service of the official capacity suits because plaintiff never served DCF's chief executive officer or the Attorney General of Kansas.  Doc. 42 at 5.  Defendants also argue that the Marshals Service never effected service of the individual

2

capacity suits because plaintiff never personally served them or mailed the summonses to their residences.  Doc. 42 at 6.

The court first addresses the DCF employees' argument about service on them in their official capacity.  When plaintiff brings a suit against government officials in their official capacity, plaintiff really brings a suit against the officials' office.  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).  So, plaintiff must serve the government officials in their official capacity in a fashion authorized by the Federal Rules or state law for serving a governmental entity.  *See Schalk v. Gallemore*, 906 F.2d 491, 498 (10th Cir. 1990) (explaining that when a plaintiff sues officials in their official capacity, plaintiff must give notice to their employer).  Plaintiff can accomplish this in one of two ways.  First, plaintiff can deliver the summonses personally to the chief executive officer of the agency at which the official works.  Fed. R. Civ. P. 4(j)(2)(A).  Or second, plaintiff can send the summonses via certified mail to the Attorney General of Kansas.  Kan. Stat. Ann. § 60-304(d); *see also* Fed. R. Civ. P. 4(j)(2)(B) (allowing service on a governmental entity in any manner allowed by state law).  Since mailing the summonses to the DCF employees' office is not a method authorized by the Federal Rules or Kansas law for service on government officials sued in their official capacity, the DCF employees correctly argue that plaintiff never served them with an official capacity suit properly.

But this shortcoming provides no reason to dismiss plaintiff's Amended Complaint.  When a plaintiff proceeding *in forma pauperis* provides the Clerk's Office with all the necessary information, "the court simply will instruct the clerk's office and U.S. Marshal to correct the defects in service without dismissing the action."  *Garland v. Kan. Dep't of Revenue*, No. 93-4241-SAC, 1994 WL 66614, at *1 n.2 (D. Kan. Jan. 31, 1994).  So, even though the DCF employees are technically correct that the U.S. Marshals' service on them in their official

capacity was defective, they do not deserve the requested dismissal. *See, e.g.*, *id.* (denying a motion to dismiss for insufficient service because the court granted plaintiff *in forma pauperis* status); *see also Davenport v. Wal-Mart Stores, Inc.*, No. 14-cv-2124-JAR-JPO, 2014 WL 3361729, at *3 (D. Kan. July 9, 2014) (same). At most, defendants' motion presents an opportunity to correct a mistake for which plaintiff is not accountable. The court thus directs the Clerk of the Court to prepare and issue summonses for the DCF employees in their official capacity. Also, the court directs the United States Marshals Service to serve these new summonses along with a copy of the Amended Complaint either by delivering the summonses to DCF's chief executive officer or sending the summonses via certified mail to the Attorney General of Kansas.

Turning to the issue of service on the DCF employees in the suit against them in their individual capacity, plaintiff can serve officials sued in their individual capacity in any manner allowed by the Federal Rules of Civil Procedure or state law for serving an individual. *Fulcher v. City of Wichita*, 445 F. Supp. 2d 1271, 1275 (D. Kan. 2006). Typically, plaintiffs serve individuals by personally serving them, Fed. R. Civ. P. 4(e)(2)(A), or by mailing the summonses to the individuals' home, Kan. Stat. Ann. § 60-304(a). But Kansas law also allows plaintiff to serve individuals by leaving copies of the summons and Complaint at the individuals' work but only if plaintiff tries to serve the individuals at their home and the service is refused or unclaimed. Kan. Stat. Ann. § 60-304(a). And plaintiff must file a return of service explaining that service was refused or unclaimed for the court to allow this type of service. *Id.*

Here, plaintiff has filed no return of service saying that service on the DCF employees' homes was refused or unclaimed. So, plaintiff never served the DCF employees in their individual capacity properly. But, again, this shortcoming provides no reason to dismiss

4

plaintiff's Amended Complaint.  When a plaintiff proceeding *in forma pauperis* provides the Clerk's Office with all the necessary information, "the court simply will instruct the clerk's office and U.S. Marshal to correct the defects in service without dismissing the action." *Garland*, 1994 WL 66614, at *1 n.2.  So, while the DCF employees are correct that the United States Marshals served them with the individual capacity suits defectively, they are not entitled to the requested dismissal.  *See, e.g.*, *id.* (denying a motion to dismiss for insufficient service because the court granted plaintiff *in forma pauperis* status); *see also Davenport*, 2014 WL 3361729, at *3 (same).  At most, defendants' motion presents an opportunity to correct a mistake for which plaintiff is not accountable.  The court thus directs the Clerk of the Court to prepare and issue summonses for the DCF employees in their individual capacity.  Plaintiff must provide the Clerk with any information that would allow the Marshals Service to serve the DCF employees personally or at their homes.

If plaintiff is unable to provide this information, she must file an affidavit providing that she does not know where the DCF employees live and that she believes the DCF employees work in Kansas.  *See* Kan. Stat. Ann. § 60-304(h) (providing a way for plaintiff to serve an individual when she does not know where the individual lives).  In this circumstance, plaintiff can request that the United States Marshals Service direct "an officer, partner, managing or general agent[,] or the individual having charge over" the DCF employees' office to allow the Marshals to serve the DCF employees.  *Id.*

The court makes one final observation about all this back and forth on service of process.  The court has addressed service issues twice now even though it seems undisputed that all defendants know about the current lawsuit.  The rules of service of process are important; but at some point, enough is enough.  Plaintiff filed this case nearly two years ago.  The parties have

not even begun discovery.  Instead, defendants' counsel has filed repeated motions challenging procedural defects that do not prejudice her clients.  Plaintiff has made some errors; but she lacks the experience practicing law possessed by sophisticated lawyers.  The rules for litigating a case in federal court can be tricky.  The court anticipates a pro se plaintiff might stumble when trying to conform to these rules.  The court reminds defendants' counsel that arguments that "would exalt form over substance" are not favorites of our court.  *Melcher v. United States*, No. 12-1183-EFM-GLR, 2012 WL 5289627, at *3 (D. Kan. Oct. 23, 2012).  If defendants find legitimate shortcomings in the merits of plaintiff's case, by all means they should litigate them zealously.  But technical arguments that needlessly delay a case do not conform to Rule 1 of the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 1 ("[The Federal Rules of Civil Procedure] should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding.").

## II.     Conclusion

For reasons outlined above, the court denies defendants' Motion to Dismiss (Doc. 41) without prejudice, with leave to refile after they are served properly.  The court otherwise denies the motion.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendants' Motion to Dismiss (Doc. 41) is denied.

**IT IS FURTHER ORDERED THAT** the Clerk of the Court must prepare and issue summonses to the United States Marshals Service, who must serve the DCF employees in their official capacity these new summonses along with a copy of the Amended Complaint.  The Marshals Service must serve the DCF employees in their official capacity either by personally

serving the DCF chief executive officer—Gina Meier-Hummel—or by sending the summonses via certified mail to the Attorney General of Kansas.

**IT IS FURTHER ORDERED THAT** the Clerk of the Court must prepare and issue summonses to the United States Marshals Service, who must serve the DCF employees in their individual capacity these new summonses along with a copy of the Amended Complaint by either personally serving the DCF employees or mailing via certified mail the summonses to their residences.  If plaintiff cannot provide information that would allow the Marshals to serve the DCF employees personally or at their homes, plaintiff can file an affidavit that to the best of her knowledge, the DCF employees work in Kansas and plaintiff does not know where they live. She can then request that the Marshals ask the manager of the DCF employees' office to allow them to serve the DCF employees in their individual capacity.

**IT IS SO ORDERED.**

**Dated this 21st day of March, 2018, at Topeka, Kansas.**

                                        **s/ Daniel D. Crabtree**
                                        **Daniel D. Crabtree**
                                        **United States District Judge**