IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CLARA R. FULLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 16-2415-DDC |
| | ) |
| STATE OF KANSAS, DEPARTMENT OF | ) |
| CHILDREN AND FAMILIES, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

This matter comes before the court on the renewed motion of the pro se plaintiff, Clara R. Fuller, for appointment of counsel (ECF No. 52). For the reasons set forth below, plaintiff's motion is denied without prejudice to being refiled at a later stage in this litigation.

This is plaintiff's third request for appointment of counsel. Plaintiff originally requested appointment of counsel on August 10, 2016 (ECF No. 13). On August 22, 2016, the court denied plaintiff's motion (ECF No. 16), but without prejudice to refiling should the presiding U.S. District Judge, Daniel D. Crabtree, deny the then-pending motion for dismissal or in the alternative summary judgment ("motion to dismiss") filed by the Kansas Department of Children and Families (ECF No. 10). Plaintiff timely filed a motion for review of the order denying her counsel (ECF No. 17). On January 18, 2017, Judge Crabtree entered a memorandum and order (ECF No. 23) denying defendant's motion to dismiss without prejudice to refiling, and affirming the August 22, 2016 order denying

1

appointment of counsel. Judge Crabtree noted, "[p]laintiff may file a renewed motion to appoint counsel if—as Judge O'Hara's Order also noted—her Complaint (or, any amended complaint that she may file after securing leave to do so) survives any dispositive motion—such as a motion to dismiss or motion for summary judgment—that defendant may submit in the future."[1]

On February 6, 2017, plaintiff filed her second request for appointment of counsel (ECF No. 27). The court again declined to appoint counsel (ECF No. 30). After considering the relevant factors, the court concluded that this is not a case in which justice requires the appointment of counsel. However, the court assured plaintiff that, "should her case ultimately proceed to trial, the court will almost surely grant a renewed motion for counsel."[2] The court stated that, "until then," for the reasons discussed and given the limited pool of volunteer attorneys, "the court is unlikely to grant any further request to appoint counsel."[3]

Plaintiff filed the instant motion for appointment of counsel on April 3, 2018. This renewed motion is nearly identical to her original motion for appointment of counsel.[4] Because plaintiff does not suggest there have been any material changes to this case since the court's previous denial of appointment requests, the court can find no reason to now

---

[1] ECF No. 23 at 8.

[2] ECF No. 30 at 3.

[3] *Id.*

[4] Compare ECF No. 52 to ECF No. 13.

appoint counsel. Perhaps plaintiff's motion was precipitated by Judge Crabtree's March 21, 2018 memorandum and order denying a motion by defendants for dismissal (ECF No. 47). But Judge Crabtree did not determine in that memorandum and order that plaintiff's claims would survive a motion to dismiss. Rather, Judge Crabtree denied the motion to dismiss on procedural grounds, holding that defendants had not been properly served, such that the court had no jurisdiction to decide the substantive question of whether plaintiff's amended complaint adequately states a claim for relief. Judge Crabtree granted defendants leave to refile a motion to dismiss once they were properly served. Summons have now been returned showing defendants were served on March 28, 2018, and indicating that defendants' renewed motion to dismiss (or answer) is due April 18, 2018 (ECF Nos. 48-51).

As noted in previous orders, the court is willing to consider a subsequent request for appointment of counsel brought by plaintiff if and when her case survives a dispositive motion (e.g., a motion to dismiss or a motion for summary judgment) decided on its merits or otherwise proceeds to trial. Thus, plaintiff's motion for appointment of counsel is denied without prejudice to refiling when this case is at a later stage.

Plaintiff is hereby informed that, within 14 days after she is served with a copy of this order, she may, pursuant to Fed. R. Civ. P. 72 and D. Kan. Rule 72.1.4(a), file written objections to this order by filing a motion requesting that the presiding U.S. district judge review this order. A party must file any objections within the 14-day period if the party wants to have appellate review of this order.

IT IS SO ORDERED.

April 3, 2018, at Kansas City, Kansas.

s/ James P. O'Hara
James P. O'Hara
U. S. Magistrate Judge
