# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CLARA R. FULLER,<br><br>      Plaintiff,<br><br>v.<br><br>STATE OF KANSAS, DEPARTMENT<br>OF CHILDREN & FAMILIES, et al.,<br><br>      Defendants. | Case No. 16-2415-DDC-JPO |

## MEMORANDUM AND ORDER

On September 13, 2018, the court entered an Order directing plaintiff to show cause why the court should not dismiss the claims against the individual defendants in this case for failure to prosecute. Doc. 70. Plaintiff filed a timely response titled "Affidavit to Serve Defendants in Their Individual Capacities." Doc. 72. Now, the court considers plaintiff's response. For reasons explained below, the court finds that plaintiff has shown good cause and declines to dismiss plaintiff's claims against the individual defendants for failure to prosecute under Federal Rule of Civil Procedure 41(b).

**I.    Facts**

Proper service has eluded plaintiff. Plaintiff filed suit in June 2016, alleging that defendants—the Kansas Department of Children and Families ("DCF") and four individual employees—had discriminated against her. Doc. 33. Two years later, in a March 2018 Order, the court found that plaintiff never had served the DCF employees in their individual capacities properly. Doc. 47 at 4. At that time, the court directed the Clerk of the Court to prepare and issue summonses for the DCF employees in their individual capacities. *Id.* at 5. The court also

ordered plaintiff to provide the Clerk with any information that would allow the Marshals Service to serve the DCF employees personally or at their homes. *Id.* Plaintiff did not respond.

In September 2018, the court ordered plaintiff to show cause, in writing, why the court should not dismiss the claims against the individual defendants for failure to prosecute. Doc. 70. Plaintiff responded in time. Doc. 72. Plaintiff represents that she never received the March 2018 Order, and thus, she did not know the court had asked her to provide residential addresses to serve defendants. Doc. 72 at 1. But, upon receipt of the court's Show Cause Order, plaintiff researched online and found addresses for the four individual defendants. *Id.* at 1–2. Plaintiff advises that she cannot be sure the addresses are correct, but that each defendant worked in Kansas when plaintiff filed suit. *Id.* at 2.

## II.     Legal Standard

Under Fed. R. Civ. P. 41(b), "a district court may dismiss an action with prejudice if the plaintiff fails to comply with [the Federal Rules of Civil Procedure] or any order of court." *Olsen v. Mapes*, 333 F.3d 1199, 1204 (10th Cir. 2003) (alteration in original) (internal citations omitted). To decide if dismissal is warranted, the Tenth Circuit directs the court to consider the following factors: "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Id.* (quoting *Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992)) (further citation omitted). The court, finding the third factor most relevant, addresses it first.

## III. Discussion

As for culpability of the litigant, the Circuit has explained that when a plaintiff proceeds in forma pauperis, the district court is required to serve process for plaintiff. *Id.* at 1204 (first citing 28 U.S.C. § 1915(d); then citing Fed R. Civ. P. 4(c)(2)). So, "good cause exists to excuse a plaintiff's failure to serve where the plaintiff is proceeding in forma pauperis and is therefore entitled to rely on service by the U.S. Marshal." *Id.* (collecting cases). But, good cause does not exist where defective service results from plaintiff's inadequate or inaccurate information or lack of diligence. *See Searles v. Werholtz*, No. 06-3198-JAR, 2010 WL 4861123, at *2 (D. Kan. Nov. 16, 2010) (citations omitted). In *Searles*, our court found that a plaintiff had neither been diligent nor made a good faith effort to assist the Marshals Service's efforts to effect service, in part, because plaintiff failed to attempt to locate the unserved defendants in response to the court's Order to Show Cause. *See id.* (comparing *Olsen v. Mapes*, 333 F.3d 1199, 1205 (10th Cir. 2003), where "plaintiffs demonstrated 'sincere efforts' to comply with service rules and . . . the record was 'replete with Plaintiffs' attempts to comply' with service rules," *id.* at *3 n.28 (quoting *Mapes*, 333 F.3d at 1205)).

Here, Ms. Fuller proceeds pro se in forma pauperis (Doc. 4), so as the court has explained, she is entitled to rely on the U.S. Marshals to make service. Ms. Fuller contends that she did not comply with the court's March 2018 Order to help effectuate service because she did not receive it.[1] Doc. 72 at 1. But, upon receipt of the court's Show Cause Order, plaintiff responded promptly to it and provided the residential addresses for the four individual

---

[1] The docket indicates multiple instances where plaintiff claims she did not receive filings after registering as a pro se participant who would receive electronic notification in the case. *See, e.g.*, Doc. 64 ("[P]laintiff explains that she has had trouble receiving and printing defendants' motions . . . ."). In response, the court noted that "[w]hile the court agrees that litigants should follow the filings in their case closely, the prevailing legal authorities counsel against rigid application of procedural rules." *Id.* Plaintiff did withdraw from electronic noticing on May 23, 2018, and since that time, all filings have been sent to Ms. Fuller by regular mail.

3

defendants. *Id.* at 1–2. And, plaintiff also explained that, though she cannot ensure the addresses are correct, all the defendants worked in Kansas when she filed suit. *Id.* at 2. So, unlike the plaintiff in *Searles*, Ms. Fuller has responded to the court's Show Cause Order.

Second, although plaintiff is entitled to rely on service by the U.S. Marshal, she has demonstrated sincere efforts to comply with the court's orders. The Tenth Circuit found it persuasive that the plaintiffs in *Mapes* had included a "Proof of Service" attachment on their filings, which indicated that those papers were mailed to the defendants or their counsel. *Mapes*, 333 F.3d at 1205. Here, Ms. Fuller consistently has included a "Certificate of Service," which indicates that she has served copies of her filings on counsel for the individual defendants. The court finds that this factor weighs against dismissing plaintiff's claims.

The remaining factors do not favor a different result. First, as the court has observed, "it seems undisputed that all defendants know about the current lawsuit," (Doc. 47 at 5), and so the prejudice to defendants factor does not favor dismissal. Second, it is true that the judicial process has suffered delay—Ms. Fuller filed this case in June 2016—and so, this factor favors dismissal. But, third, the efficacy of lesser sanctions is moot, as Ms. Fuller responded in time to the court's Show Cause Order and responded with appropriate information. The court thus finds—under the *Ehrenhaus* factors—that the court should not dismiss plaintiff's claims.

The court emphasizes that Ms. Fuller must bear responsibility to discover and submit information necessary to effectuate service. *See Searles*, 2010 WL 4861123, at *4. So, if the addresses Ms. Fuller provided are incorrect, she has a continuing duty to find and provide correct addresses. Because Ms. Fuller has provided addresses for the defendants, the court does not consider whether plaintiff also has complied with Kan. Stat. Ann. § 60-304(h) in her "Affidavit

4

to Serve Defendants in Their Individual Capacities." Kan. Stat. Ann. § 60-304(h); *see also id.* at § 53-601.[2]

IV. **Conclusion**

For the reasons explained, the court finds that plaintiff has shown good cause and declines to dismiss plaintiff's claims against the individual defendants for failure to prosecute under Rule 41(b).

**IT IS THEREFORE ORDERED** that plaintiff has shown good cause in response to the court's Show Cause Order (Doc. 70).

**IT IS FURTHER ORDERED** that the Clerk's Office and U.S. Marshals effectuate service at the addresses provided in plaintiff's "Affidavit to Serve Defendants in Their Individual Capacities" (Doc. 72).

**IT IS SO ORDERED**.

**Dated this 31st day of October, 2018, at Kansas City, Kansas.**

                                      **s/ Daniel D. Crabtree**
                                      **Daniel D. Crabtree**
                                      **United States District Judge**

---

[2] The court directed plaintiff to do one of two things: provide the Clerk with either addresses of the individual defendants or file an affidavit providing that she does not know where the individual defendants reside but stating that plaintiff believes they work in Kansas. Doc. 47 at 5. In her response to the court's Show Cause Order, plaintiff attempts to do both. *See* Doc. 72 at 1–2. The court only addresses plaintiff's response providing the addresses of individual defendants in this Order. Should these addresses prove incorrect, plaintiff either must provide accurate addresses to the U.S. Marshal *or* follow the procedures outlined in Kan. Stat. Ann. § 60-304.