UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| CLARA R. FULLER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>STATE OF KANSAS, DEPARTMENT OF )<br>CHILDREN AND FAMILIES, et al., )<br>)<br>Defendants. ) | Case No. 16-2415-DDC |

# **ORDER**

The pro se plaintiff in this employment-discrimination case has filed a motion asking the court to compel defendants to provide contact information for her former co-workers (ECF No. 122).[1] Because the court finds the information sought facially relevant and not protected by statute, the motion is granted.

This case arises from plaintiff's employment in January-February 2016 with the Low Income Energy Assistance Program ("LIEAP"), a federally-funded program administered by the Kansas Department of Children and Families ("DCF"). Plaintiff alleges defendants terminated her employment because of her race, and she disputes defendants' assertion that her work performance was subpar.

---

[1] Although plaintiff titles her motion as one seeking "in-camera review," the substance of the motion makes clear plaintiff is seeking production of information. The court holds pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

1

During discovery, plaintiff served an interrogatory requesting the names and addresses of her LIEAP co-workers. DCF responded to the interrogatory with the names, but not addresses, of the co-workers, objecting that the addresses were protected from disclosure by Kan. Admin. Reg. § 1-13-1b. In the instant motion to compel, plaintiff explains that the co-workers have information about what supervisors stated at daily morning meetings regarding plaintiff and her co-workers' responsibilities, including whether they were required to process a set minimum number of LIEAP applications per day.

In response to the motion, defendants first raise procedural arguments that plaintiff, in violation of the court's local rules, did not (1) attach the interrogatory in dispute to her motion or (2) make an effort to confer before filing the motion.[2] The court does not view rule violations lightly, and emphasizes to plaintiff that she *must* carefully follow the court's procedural rules in the future. But in this instance, the court finds practicality and efficiency counsel in favor of reaching the substance of the motion. Defendants acknowledge the interrogatory at issue and do not dispute its contents, so they will not be prejudiced by this approach. Moreover, the pretrial conference is fast approaching on May 13, 2019, making timely resolution of this matter desirable.[3]

---

[2] *See* D. Kan. Rules 37.1 and 37.2.

[3] *See Carter v. Spirit Aerosystems, Inc.*, No. 16-1350, 2018 WL 5923487, at *7 (D. Kan. Nov. 13, 2018) (recognizing that failure to confer is a sufficient basis for denying a discovery motion, but exercising discretion to address the motion on the merits); *CCPS Transp., LLC v. Sloan*, No. 12-2602, 2013 WL 2405545, at *1 (D. Kan. May 31, 2013)

The court therefore proceeds to the heart of the motion. First, the court finds (and defendants have not disputed) that the co-worker contact information plaintiff seeks is relevant. Fed. R. Civ. P. 26(b)(1) allows a party to "obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." At the discovery stage, relevance is broadly construed.[4] "[A]ny matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case" is deemed relevant.[5] Under this standard, the court finds the requested co-worker contact information facially relevant. As plaintiff noted, she could use the information to contact individuals regarding defendants' stated expectations and treatment toward plaintiff.[6] The testimony of others who may have observed

---

(stating that although the court can deny a motion on procedural grounds for failing to meet and confer, the court is within its discretion to address the merits of the argument); *White v. Graceland Coll. Ctr. for Prof'l Dev. & Lifelong Learning, Inc.*, No. 07-2319, 2009 WL 722056, at *2 (D. Kan. March 18, 2009) (waiving non-compliance with duty to confer to avoid further delay of resolution of the matter).

[4] *Erickson, Kernell, Deruseau, & Kleypas v. Sprint Sols., Inc.*, No. 16-mc-212, 2016 WL 3685224, at *4 (D. Kan. July 12, 2016).

[5] *Rowan v. Sunflower Elec. Power Corp.*, No. 15-9227, 2016 WL 3745680, at *2 (D. Kan. July 13, 2016) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) and ruling the *Oppenheimer* standard still relevant after the 2015 Amendment to Rule 26(b)(1)). *See also Waters v. Union Pacific R.R. Co.*, No. 15-1287, 2016 WL 3405173, at *1 (D. Kan. June 21, 2016) ("Relevance is broadly construed at the discovery stage of the litigation and a request for discovery should be considered relevant if there is any possibility the information sought may be relevant to the subject matter of the action.") (internal quotations and citation omitted).

[6] *See Azimi v. United Parcel Serv., Inc.*, No. 06-2114, 2007 WL 2010937, at *2, 10 (D. Kan. July 9, 2007) (finding relevant contact information for former co-workers employed in the same facility as plaintiff); *McCoo v. Denny's Inc.*, 192 F.R.D. 675, 695-

3

discriminatory conduct by supervisors "is typically relevant to the issue of discriminatory intent."[7]

Defendants assert that the addresses nevertheless are protected from disclosure by Kan. Admin. Reg. § 1-13-1b. Section 1-13-1b(a) provides that "information contained in each state employee's official personnel record shall not be open to public inspection." Significantly, however, the regulation contains an exception applicable here: "The official personnel record of any specifically named employee shall be made available for inspection in connection with litigation, pursuant to the terms of an order entered by a judge of any federal, state, or municipal court having proper jurisdiction over the litigation."[8] Thus, with the entry of this order, the court finds nothing in § 1-13-1b that hinders the disclosure of the addresses of plaintiff's former state co-workers.

IT IS THEREFORE ORDERED that plaintiff's motion to compel is granted. Defendants are ordered to provide plaintiff the names and addresses of each person employed by DCF in the 2016 LIEAP program by no later than **April 19, 2019**. Plaintiff is hereby prohibited from using such contact information for any purpose other than prosecuting this action.

IT IS SO ORDERED.

---

96 (D. Kan. 2000) (holding discoverable the addresses and telephone numbers of defendant's employees who may have witnessed discrimination).

[7] *Azimi,* 2007 WL 2010937, at *10.

[8] Kan. Admin. Reg. § 1-13-1b(f).

Dated April 9, 2019, at Kansas City, Kansas.

                                                                    <u>s/ James P. O'Hara</u>

                                                              James P. O'Hara
                                                              U.S. Magistrate Judge