IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CLARA R. FULLER,

    **Plaintiff,**

v.

STATE OF KANSAS, DEPARTMENT
OF CHILDREN & FAMILIES, et al.,

    **Defendants.**

Case No. 16-2415-DDC-JPO

## MEMORANDUM AND ORDER

This matter comes before the court on defendants Stephanie Henderson, Sandra Kimmons, Lewis Kimsey, and Lisa Locke's Motion to Dismiss (Doc. 100). Pro se[1] plaintiff Clara R. Fuller has filed a Response (Doc. 104) and a Supplement to her Response (Doc. 105). And defendants have filed a Reply (Doc. 108). Although plaintiff has invoked 42 U.S.C. § 1983 as a basis for federal jurisdiction, defendants contend that plaintiff has failed to identify any substantive federal right that defendants violated in their individual capacities. For reasons explained below, the court grants defendants' motion.

### I.    Facts

Plaintiff alleges that defendant, the Kansas Department of Children and Families ("DCF"), discriminated against her because of her race, gender, and age. DCF, plaintiff contends, discriminated through actions taken by four individual DCF employees: Stephanie

---

[1]     Because plaintiff proceeds pro se, the court construes her pleadings liberally and holds them to a less stringent standard than those drafted by lawyers. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the court does not assume the role of advocate for the plaintiff. *Id.* Nor does plaintiff's pro se status excuse her from complying with the court's rules or facing the consequences of noncompliance. *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

Henderson, Lewis Kimsey, Lisa Locke, and Sandra Kimmons. Plaintiff has sued these four employees in their official and individual capacities. Plaintiff had asserted claims against defendants under Title VII, the Age Discrimination in Employment Act ("ADEA"), and 42 U.S.C. § 1983.

Defendants have filed a slew of Motions to Dismiss in this case. Most recently, the court decided defendants' fourth Motion to Dismiss. Doc. 55. In its Order, the court dismissed plaintiff's ADEA claim against DCF.[2] Doc. 70 at 9. But, the court concluded, plaintiff had stated facts sufficient to support a Title VII claim against DCF based on plaintiff's termination. *Id.* at 9. Last, the court noted that plaintiff had invoked 42 U.S.C. § 1983 as a basis for jurisdiction. *Id.* at 6. But, the court did not reach the issue whether plaintiff's § 1983 claim should be dismissed.[3] Instead, the court sua sponte questioned plaintiff's failure to serve the individual defendants in their individual capacities. Doc. 70 at 10. Noting that plaintiff had failed to provide relevant information that the Clerk of the Court needed to prepare summons for the individual defendants, the court ordered plaintiff to show cause why it should not dismiss the claims against the individual defendants for failure to prosecute. *Id.* Plaintiff responded to the order to show cause, and eventually, the DCF employees were served in their individual capacities.

---

[2] Plaintiff did not name DCF as a defendant explicitly. But, the court concluded previously that any suit brought against DCF employees in their official capacities is a suit against DCF. Doc. 70 at 1; Doc. 36 at 3.

[3] Defendants pointedly assert that the court "totally ignored that [§ 1983] does not create any substantive rights." Doc. 101 at 3. This argument misses the mark because the court lacked jurisdiction to consider whether the Amended Complaint stated a claim for relief. This was so, of course, because plaintiff had not yet served the individual defendants. Doc. 70 at 10; Doc. 47 at 2 (concluding that the court could not address defendants' substantive arguments in a prior motion to dismiss because plaintiff had not served the individual defendants properly) (first citing Fed. R. Civ. P. 4(k); then citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998))).

Defendants then filed their fifth Motion to Dismiss (Doc. 100). It makes several arguments. First, defendants contend they have qualified immunity from plaintiff's § 1983 claim. Doc. 101 at 5. Second, defendants contend plaintiff fails to allege a § 1983 claim because plaintiff's Amended Complaint (1) asserts no underlying constitutional violation and (2) fails to allege the individual defendants' personal involvement in the violation. *Id.* at 6, 11.

Defendants assert that the court must address qualified immunity first because they argue, without citation, qualified immunity affects the court's subject matter jurisdiction. Doc. 101 at 4 ("DCF employees file this Motion pursuant to Rule 12(b)(1) based on qualified immunity[.]"). The court may choose between the qualified immunity question or arguments that plaintiff has failed to state a claim, as both may be considered under 12(b)(6). *Robbins v. Oklahoma*, 519 F.3d 1242, 1249 (10th Cir. 2008) (considering whether plaintiff's complaint survived individual defendant's qualified immunity argument raised in 12(b)(6) motion); *see also* Charles Alan Wright & Arthur R. Miller, 5B Federal Practice and Procedure § 1350 (3d ed. 2019) ("The defense of qualified or judicial immunity has also been held to be properly raised via Rule 12(b)(6) rather than Rule 12(b)(1), although one can find courts not being too particular about the distinction."). The court thus addresses defendants' argument that plaintiff has alleged no underlying constitutional violation for her § 1983 claim.

## II. Legal Standard

On a motion to dismiss for failure to state a claim, the court accepts all facts pleaded by the non-moving party as true and draws any reasonable inferences in favor of the non-moving party. *Brokers' Choice of Am. v. NBC Universal, Inc.*, 757 F.3d 1125, 1136 (10th Cir. 2014). "To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*

*v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "Under this standard, 'the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims.'" *Carter v. United States*, 667 F. Supp. 2d 1259, 1262 (D. Kan. 2009) (quoting *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007)).

Although this Rule "does not require 'detailed factual allegations,'" it demands more than "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" which, as the Supreme Court has explained, simply "will not do." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). This is so because the court need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 557 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (internal quotation omitted)).

### III. Discussion

Plaintiff's Amended Complaint asserts that defendants discriminated against her in violation of 42 U.S.C. § 1983. "Section 1983 does not create any substantive rights, but merely provides relief against those who, acting under color of law, violate federal rights created elsewhere." *Reynolds v. Sch. Dist. No. 1, Denver, Colo.*, 69 F.3d 1523, 1536 (10th Cir. 1995) (citing *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). For example, in *Reynolds*, the plaintiff had asserted that defendants had discriminated against her in violation of § 1983. *Id.* But, the Tenth Circuit explained that plaintiff had failed "to identify an independently created right upon which her § 1983 action rests." *Id.* This omission, the Circuit held, was "fatal to her

4

claim." *Id.* So, it affirmed the dismissal of plaintiff's employment discrimination claim under § 1983. *Id.*

Consistent with the Circuit's holding in *Reynolds*, district courts have dismissed § 1983 actions where the plaintiff has failed to identify the underlying substantive right. *See Robles v. Amarr Garage Doors*, No. 11-2707-JAR-DJW, 2012 WL 2359423, at *8 (D. Kan. June 20, 2012) ("Plaintiff has similarly failed to identify a federal right of which Defendants deprived him. And thus, the Court finds that Plaintiff fails to state a claim for relief under § 1983 as well."); *Stevenson v. Indep. Sch. Dist. No. I-038 of Garvin Cty., Okla.*, 393 F. Supp. 2d 1148, 1152 (W.D. Okla. 2005) ("The failure to identify the substantive rights allegedly violated is grounds for dismissal for failure to state a claim."). The court has scrutinized plaintiff's Amended Complaint and her Response to defendants' motion carefully. Neither filing identifies the substantive right plaintiff seeks to vindicate through § 1983.

While the court must construe plaintiff's filings liberally, it declines to read an underlying cause of action into plaintiff's Amended Complaint. *Hall*, 935 F.2d at 1110 (concluding that, although the court construes a pro se plaintiff's filings liberally, the court does not assume the role of advocate for the plaintiff). The court thus dismisses plaintiff's § 1983 claim against the individual defendants.

## IV. Conclusion

For the reasons explained, the court grants defendants' Motion to Dismiss (Doc. 100).

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendants Stephanie Henderson, Sandra Kimmons, Lewis Kimsey, and Lisa Locke's Motion to Dismiss (Doc. 100) is granted.

**IT IS SO ORDERED**.

**Dated this 24th day of July, 2019, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**
